IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANA BRIGGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-1548-K-BN |
| | § | |
| CITY OF IRVING, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

In this lawsuit that United States District Judge Ed Kinkeade has referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference, two motions to dismiss were filed, *see* Dkt. Nos. 16-19.

Months later, and after the parties briefed the motions, *pro se* plaintiff Dana Briggs moved for default judgment. *See* Dkt. No. 47.

The Court should deny this motion for at least the following reasons.

First, Briggs did not first obtain an entry of default.

Only "[a]fter the clerk's entry of default" may a plaintiff "apply to the district court for a judgment based on such default." *Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)).

Failure to obtain an entry of default is reason alone to deny a request for default judgment. *Cf. Lewis v. Morehouse Det. Ctr.*, Civ. A. No. 09-0332, 2010 WL

2360720, at *1 (W.D. La. Apr. 30, 2010) ("Having set aside the Clerk's entry of default against the individual defendants, plaintiff now lacks the requisite foundation for a default judgment against them."), *rec. adopted*, 2010 WL 2360669 (W.D. La. June 9, 2010).

More fundamental, no default has occurred in this case, as a "[a] default occurs [only] when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure." *Arch Ins.*, 2013 WL 145502, at *2 (citation omitted). And "the filing of a motion to dismiss, by itself, is sufficient to preclude entry of default." *Brown v. California*, No. CV 23-1966 ODW (PVC), 2023 WL 3979449, at *1 (C.D. Cal. May 19, 2023) (collecting cases)

**Recommendation**

The Court should deny Plaintiff Dana Briggs's motion for default judgment [Dkt. No. 47].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 25, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE